# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

IN RE: SMITH & NEPHEW BIRMINGHAM  *
HIP RESURFACING (BHR) HIP
IMPLANT PRODUCTS LIABILITY
LITIGATION                        *

                                                                      *        Civil Action No. 17-md-2775,
                                                                                             *BHR Track*

                                                                      *

                                                                      *
                                                                      ***

**Memorandum**

Smith & Nephew has moved for a protective order to limit the plaintiffs' *ex parte* contacts with treating physicians. (ECF No. 681). A hearing on the motion was held on June 12, 2018. For the reasons stated below, Smith & Nephew's motion will be denied in part and granted in part.

I.

Smith & Nephew moves to restrict the plaintiffs' *ex parte* contacts with treating physicians to non-liability issues. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

1

Still, a party may limit the scope of discovery by moving for a protective order. The court has broad discretion to grant "[a] party or any person from whom discovery is sought . . . a protective order in the court where the action is pending . . . for good cause, . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009).

For the same reasons explained in *In re: Benicar (Olmesartan) Products Liability Litigation*, 2016 WL 1370998 (D. N.J. April 6, 2016), *In re Xarelto (Rivaroxaban) Products Liability Litigation*, 2016 WL 915288 (E.D. La. Mar. 9, 2016), and *In re Zimmer NexGen Knee Implant Products Liability Litigation*, 890 F. Supp. 2d 896 (N.D. Ill. 2012), the court: (1) will not limit the plaintiffs' *ex parte* contacts to non-liability issues; (2) will require the plaintiffs to disclose five days before a deposition of any treating physician, or if the communication occurred within five days of a deposition, within a reasonable time after the communication, that a communication occurred; and (3) the defendant will be permitted to engage in *ex parte* contacts with treating physicians but only to retain them as experts.

As described in the accompanying order, the plaintiffs' disclosure of *ex parte* contacts must include: (1) when the communication occurred; (2) its estimated duration; (3) the participants to each communication; and (4) any documents or electronically stored information shown, provided to, or discussed with the physician. The defendant's *ex parte* contacts will be subject to the following restrictions:[1]

1. Smith & Nephew will be limited to 25 *ex parte* contacts with treating physicians, subject to expansion if good cause is shown.

---

[1] These restrictions apply only to Smith & Nephew.

2

2. Before engaging in substantive conversations, counsel must advise the physician of the defendant's interest in potentially retaining him or her as an expert, and the physician must affirmatively express an interest in being an expert for Smith & Nephew.

3. A physician may not work on a case involving his or her current or former patient.

4. The retained physician may not communicate with defense counsel about any of his or her current or former patients who had any of the devices at issue implanted.

5. All parties must abide by relevant state and federal laws governing patient records.

### Conclusion

For the reasons stated above, Smith & Nephew's motion will be granted in part and denied in part. A separate order follows.

_6/20/18_
Date

_CCB_
Catherine C. Blake
United States District Judge