# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

IN RE: SMITH & NEPHEW BIRMINGHAM    *
HIP RESURFACING (BHR) HIP
IMPLANT PRODUCTS LIABILITY
LITIGATION                          *

                                                *        Civil Action No. 17-md-2775,
                                                         *BHR Track*

                                                *

                                              *
                                            ***

## Memorandum

Smith & Nephew has moved for a protective order to limit the scope of discovery. (ECF No. 707). A hearing on the motion was held on June 12, 2018. For the reasons stated below, Smith & Nephew's motion will be denied in part and granted in part.

### I.

Smith & Nephew has challenged several categories of the plaintiffs' discovery requests as either irrelevant, because they relate only to dismissed claims, or overbroad, because they request large sets of discovery only some of which is relevant. Smith & Nephew also challenges the plaintiffs' use of Rule 30(b)(6) to discover the identity of certain persons as unduly burdensome. For the reasons stated below, Smith & Nephew's motion will be denied in part and granted in part.

### A.

Smith & Nephew's motion, indeed the core of the parties' dispute, raises this question: whether the sentence "The plaintiffs argue that Smith & Nephew is liable under their remaining state law theories—negligence and negligence per se, failure to warn, negligent

1

misrepresentation, breach of express warranty, and manufacturing defect—because it failed to report adverse incidents and properly train surgeons, disseminated false information, and manufactured the BHR with defects" provides an exhaustive list of non-preempted arguments the plaintiffs may use to support their claims. The answer: it does not.[1]

The sentence Smith & Nephew relies on, stripped of its context, might be read as an exhaustive list of the plaintiffs' surviving claims and arguments. But a single sentence is not to be read in isolation. The sentence's context and purpose must be considered to understand its meaning.

First, the sentence is located in an umbrella paragraph of a section analyzing whether the plaintiffs' claims are expressly preempted. That paragraph serves, as any umbrella paragraph does, as a brief overview of the reasoning and conclusions to come. The disputed sentence simply summarized what the court saw as illustrative of the plaintiffs' claims; it was not intended to be an exhaustive list.

Second, on other pages the court makes clear that the opinion's purpose was to "draw boundaries, excluding claims to the extent the plaintiffs are seeking liability on grounds other than a violation of federal regulations and *including all others*, to guide future argument and discovery." (Mem. Op. at 10) (emphasis added). Unless a claim or argument imposed a duty "not also imposed by the FDA" the plaintiffs were free to pursue that claim or argument through discovery and trial. (*Id.* at 17). And this principle, that all of the plaintiffs' claims that parallel federal requirements survive, was a frequent refrain throughout the opinion. (*See, e.g.*, Mem. Op. at 18 ("Any claim that Smith & Nephew had a duty to warn the general public or the medical

---

[1] Because the court sees this dispute as the core of Smith & Nephew's overbreadth challenge, it does not address that issue, and will allow the parties to attempt to resolve the breadth of the plaintiffs' discovery requests in light of this decision.

2

community is, however, expressly preempted because there is no such parallel federal requirement."); *Id.* ("But when a manufacturer makes other claims about its device as, *for example*, that it is safer than competing devices, it steps out of the protected zone of FDA-approved warranties and into its ongoing obligation to disseminate truthful and non-misleading information regarding the device.") (emphasis added); *Id.* at 19 ("A state law manufacturing defect claim relying on [deviations from FDA-approved specifications] ... would not differ from or add to preexisting federal obligations."))

It was never the court's intention to expressly identify each of the plaintiffs' surviving claims and arguments. It appears Smith & Nephew assumes that all claims and arguments not expressly identified as not preempted are preempted. But the court made clear that the opposite is true—all claims and arguments not expressly identified as preempted are not preempted.

***

At base, Smith & Nephew suggests that the court not only silently dismissed several of the plaintiffs' claims, but silently dismissed claims that the opinion's reasoning clearly understood to survive express preemption. That is not correct. With this understanding in mind, here again is the court's prior holding:[2]

1. The plaintiffs' strict liability claims are preempted.

2. Any claim that Smith & Nephew had a duty to change its labeling or warn patients or the medical community is preempted.

3. Any claim that attempts to impose liability on Smith & Nephew simply for claiming the BHR was safe, or for any representation the FDA required Smith & Nephew to make, is preempted.

4. The plaintiffs' manufacturing defect claim was dismissed on Rule 8 grounds.

---

[2] The following is a summary of the court's decision on Smith & Nephew's motion to dismiss, and does not alter anything in that decision.

3

5. All other claims, and all arguments within those claims, survive if they parallel a federal obligation and are alleged in the MACC or short-form complaints.[3]

Any discovery request that is not targeted at the plaintiffs' surviving claims, or related to Smith & Nephew's possible defenses, is irrelevant.[4] The parties should consider this decision and attempt to reach an agreement as to the plaintiffs' outstanding discovery requests.

B.

Last, Smith & Nephew argues that 22 of the plaintiffs' 32 Rule 30(b)(6) topics are unduly burdensome. The scope of discovery under Rule 30(b)(6) is subject to the limitations in Rule 26. *See Columbia Gas Transmission, LLC v. 252.071 Acres, More or Less, in Baltimore County, Maryland*, 2016 WL 7167979 at *2 (D. Md. Dec. 8, 2016).[5] Thus, when considering whether a discovery request is unduly burdensome the court should consider "the needs of the case, . . . the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Smith & Nephew notes that of the 32 topics in the plaintiffs' Rule 30(b)(6) notice, 22 seek the identity of individuals somehow involved in the BHR device.[6] And it claims that is overly burdensome because no single witness could provide the identity of all those people, and less onerous alternatives exist, such as interrogatories. Smith & Nephew has this wrong, in the plaintiffs' view, because it has not provided any evidence that a single corporate witness could not testify as to all 22 topics, but also because its preferred method of discovering this material

---

[3] The court recognizes there may be issues that remain to be resolved about the short form complaints.
[4] To the extent the plaintiffs seek documents solely for the purpose of challenging PMA approval of the BHR device, those documents are irrelevant. PMA approval is a decision left to the FDA and preemption issues were resolved as a matter of law at the motion to dismiss stage.
[5] Unpublished cases are cited for the strength of their reasoning and not for any precedential value.
[6] Smith & Nephew identifies the 22 topics as: "A(1) through (6); C(1) through (6); D(1) through (3); E(1) and (2); E(4) through (7); and F(1)." (Def.'s Mot. ECF No. 707, at p. 16 n.5).

4

would add another step to an already costly discovery process. The plaintiffs also insist that the 22 topics identified by Smith & Nephew seek not just people but testimony on identified topics, and the dynamic nature of depositions—the ability to ask follow-up questions, for example—is better suited to such requests.

The court will grant Smith & Nephew's protective order as to the plaintiffs' Rule 30(b)(6) topics. Despite the plaintiffs' arguments to the contrary, not one topic yet identified by Smith & Nephew concerns anything other than the identity of individuals. It is, therefore, hard to see how subpoenaing testimony from someone who can identify those people is any more efficient than interrogatory requests to the same end. Indeed, the plaintiffs' preferred discovery method would be *more* burdensome because interrogatories can do in two steps what the plaintiffs intend to accomplish in three. Proceeding under Rule 30(b)(6) requires: (1) notice; (2) deposition to discover identity of individuals; and (3) deposing identified individuals. But an interrogatory would require only: (1) the question itself; and (2) deposing the individuals identified by Smith & Nephew's answer.

For these reasons, Smith & Nephew's protective order as to this issue will be granted. Interrogatories used instead of Rule 30(b)(6) notices will not count against the plaintiffs' interrogatory limit.

## Conclusion

For the reasons stated above, Smith & Nephew's motions will be granted in part and denied in part. A separate order follows.

6/20/18
Date

/s/ CCB
Catherine C. Blake

5

United States District Judge