## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | * | MDL No. 2775<br>Master Docket No. 1:17-md-2775 |
| | * | JUDGE CATHERINE C. BLAKE |
| | * | THIS DOCUMENT RELATES TO THE BHR TRACK ACTIONS ONLY |
| | * | |
| | * | |
| | *** | |

### Memorandum

Smith & Nephew argues that 55 BHR track cases are time-barred under applicable state law and therefore should be dismissed under Rule 12(b)(6).[1] The court will grant in part and deny in part Smith & Nephew's motion. Most states, relevant to this suit, have discovery rules that toll a statute of limitations period until a plaintiff discovers, or reasonably should discover, that the defendant may be liable for her injury. The court generally will not rule on the timeliness of any claim subject to a discovery rule, because the determination of when a claim accrues under a discovery rule is fact-intensive, and therefore unsuited to decision at the motion to dismiss stage. Whether a claim arising in a state without a discovery rule is timely, however, can be determined from the face of the complaint alone, and the court may rule on those claims. Because Smith & Nephew properly identifies time-barred cases in that category, those cases will be dismissed.[2]

### Standard of Review

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to

---

[1] Smith & Nephew's motion applies only to cases filed and served by June 5, 2018.

[2] Smith & Nephew's motion was fully briefed, and oral argument was heard on August 29, 2018.

raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A court may consider a statute of limitations defense on a motion to dismiss only "where the defense is apparent from the face of the complaint." *Wright v. U.S. Postal Service*, 305 F. Supp. 2d 562, 563 (D. Md. 2004).

### Summary of Arguments

The parties dispute two issues: (1) whether Smith & Nephew's motion should be decided before discovery; and (2) whether the claims identified by Smith & Nephew are time-barred. Smith & Nephew argues that each relevant state statute of limitations inquiry can be resolved by looking to two dates, both easily identified by the fact of the plaintiffs' complaints: (1) when the complaint was filed; and (2) when the plaintiff received revision surgery. Smith & Nephew argues that the court, therefore, may decide whether the plaintiffs' claims are time-barred on a motion to dismiss. The plaintiffs counter that the relevant dates for the statutory period cannot be determined based on the face of the complaint alone. Many states implicated by the pending motion to dismiss toll a statute of limitations period through either a discovery or fraudulent concealment rule. In either instance, factual inquiry beyond the four corners of the complaint may be required.

On the merits, Smith & Nephew argued in its motion that each of the 55 claims it identified are time-barred because the complaints were filed well past the end of the applicable statute of limitations period.[3] And Smith & Nephew identified five complaints that are time barred even accepting the plaintiffs' theory of accrual. The plaintiffs made two arguments in response: (1) several of the cases Smith & Nephew identified as time-barred are in fact timely even under the standards the company relied on; and (2) contrary to Smith & Nephew's contention, the earliest trigger for the limitations period was the BHR recall announcement in September 2015, not any earlier revision surgery.

## Analysis

### Summary

As discussed below, most of the plaintiffs' claims arising in states that employ a discovery rule for personal injury or product liability claims will survive Smith & Nephew's motion to dismiss.[4] Four complaints—*Stafford v. Smith & Nephew*, CCB-18-708, *Britt v. Smith & Nephew*, CCB-17-3421, *Aaron v. Smith & Nephew*, CCB-17-3503, and *Morgan v. Smith & Nephew*, CCB-17-3377—are untimely even though they arise in states with a discovery rule because they were filed outside of the statutory period, even under the most lenient reading of each respective state's discovery rule. The plaintiffs' arguments for fraudulent concealment and equitable tolling impose requirements different from or in addition to FDA requirements and are therefore preempted. The court can, as a result, rule on the timeliness of claims arising from the four states without a discovery rule—Alabama, Idaho, Michigan, and New York—without

---

[3] Smith & Nephew further alleged that the breach of warranty claims raised under state law in all but seven of the fifty five relevant complaints are untimely. (Defs.' Mot. Dismiss at 13–14, ECF No. 795). For claims arising in states with a discovery rule, the same arguments raised in the 12(b)(6) context, which lead this court to conclude that further factual inquiry is required, apply.

[4] To the extent plaintiffs' allegations in ¶¶ 23, 62, 72–74, 79, 102,103, 113, 255, 265–71, 369, and 461 of the Master Amended Consolidated Complaint have not fulfilled California's pleading requirements for invocation of the discovery rule, plaintiffs will be granted leave to amend their Master Amended Consolidated Complaint.

further factual inquiry.[5] Because those claims were not filed within their applicable limitations period, they must be dismissed. Several of the express warranty claims, however, will survive this motion to dismiss because Smith & Nephew has not challenged their timeliness.

## I.

The parties agree that five of the fifty-five complaints Smith & Nephew initially identified as time-barred are in fact timely. In its reply, Smith & Nephew withdrew the following complaints from its motion to dismiss: *Stranger-McGorrin v. Smith & Nephew*, CCB -17-2644, *Hopkins v. Smith & Nephew*, CCB-17-1077, *Berg v. Smith & Nephew*, CCB-17-1038, and *Crews v. Smith & Nephew*, CCB-17-936. (Defs.' Reply at 4, n.2, ECF No. 895). Smith & Nephew also concurred with plaintiffs' assertion that *Stidham v. Smith & Nephew*, CCB-17-252 is not time barred because it is a THA case, even though the plaintiff filed a short-form complaint alleging that he received a BHR implant. (*Id.*). The court accepts Smith & Nephew's revisions to its initial motion to dismiss.

## II.

The court will grant Smith & Nephew's motion as to the following four claims arising in Louisiana, Tennessee, Utah, and California. Though these states employ discovery rules that generally would be ill-suited for a motion to dismiss, these particular claims are untimely even based on the plaintiffs' theory of accrual.[6] The sole Tennessee complaint at issue, *Stafford v. Smith & Nephew*, CCB-18-708, was filed on March 8, 2018, more than two years after the September 2015 recall. Because Tennessee has a one-year statute of limitations period for

---

[5] New York technically has an applicable discovery rule: NY CPLR § 214-c. But because it is triggered by the discovery of symptoms rather than the discovery of the symptoms' cause, the court will classify it alongside Alabama, Idaho, and Michigan. Because the date of accrual for New York plaintiffs is their revision surgery, the court may determine the timeliness of claims brought under New York law without further factual inquiry.
[6] The plaintiffs identified the September 2015 BHR recall as the date of accrual. (Am. Compl., ECF No. 124 ¶ 23; Pls.' Resp. Opp'n at 7, ECF No. 853).

product liability claims, this claim is untimely. *See* Tenn. Code Ann. § 28-3-104(b)(1). Utah has a two-year statute of limitations period, Utah Code Ann. § 78B-6-706, and *Britt v. Smith & Nephew*, CCB-17-3421, was filed on November 17, 2017, more than two years after the September 2015 recall date. Louisiana has a one year statute of limitations, LA. CIV. CODE art. 3492, and *Aaron v. Smith & Nephew*, CCB-17-3503, was filed on November 27, 2017, more than one year after the September 2015 recall. California has a two-year statute of limitations period, Cal. Civ. Proc. § 335.1, and *Morgan v. Smith & Nephew*, CCB-17-3377, was filed on November 14, 2017, more than two years after the September 2015 recall date. Because these claims are untimely even under the plaintiffs' theory of accrual, they will be dismissed.

## III.

The court will deny Smith & Nephew's motion as to all other claims subject to a discovery rule.[7] A discovery rule extends the period during which a plaintiff may bring suit by changing the date of accrual—the moment when the statutory clock starts ticking—from the date of the wrong or injury, to the date "when the plaintiff knew or, with due diligence, reasonably should have known of the wrong." *Doe v. Archdiocese of Washington*, 689 A.2d 634, 638-39 (Md. Ct. Spec. App. 1997). Some states apply products liability-specific discovery rules. In Maryland, for example, a claim does not begin to accrue until "the plaintiff knows or through the exercise of due diligence, should know of injury, its probable cause, and either *manufacturer wrongdoing or product defect.*" *Pennwalt Corp. v. Nasios*, 550 A.2d 1155, 1165 (Md. 1988) (emphasis added). The fact intensive nature of this latter formulation of the discovery rule is obvious, and even the general discovery rule requires a court to determine when a plaintiff knew or should have known that the injury was in fact one for which the defendant may be liable. That

---

[7] Because Smith & Nephew's motion to dismiss is denied for these claims, the court will not analyze the timeliness of the breach of warranty claims brought under these states' laws.

inquiry cannot be resolved simply by looking to the date on which a plaintiff had a revision surgery, as Smith & Nephew suggests. Revision surgery, alone, only tells a plaintiff that she is suffering from complications as a result of her implant procedure, but it is silent as to the cause of that complication. Without more information, a reasonably conscientious patient could not deduce whether the cause of her injury is her doctor's malpractice, something unique to her own medical history, an unfortunate but accepted ill-effect of the BHR device, or a true product defect.

A medical complication therefore does not rise to "knowledge of an injury" for the purposes of the discovery rule, because it may not in fact be a legally cognizable injury. Alaska, Arizona, Arkansas, California, Indiana, Massachusetts, New Jersey, Ohio, Oregon, Pennsylvania, Utah, and Wisconsin recognize as much and apply some form of the discovery rule. As explored below, these states' discovery rules necessitate a fact-intensive inquiry, which cannot be answered based on the face of the plaintiffs' complaint alone.

Alaska:

Alaska applies a two-year statute of limitations period to personal injury claims. ALASKA STAT. § 09.10.070. Alaska's discovery rule has three distinct components:

> (1) a cause of action accrues when a person discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action; (2) a person reasonably should know of his cause of action when he has sufficient information to prompt an inquiry into the cause of action, if all of the essential elements of the cause of action may reasonably be discovered within the statutory period at a point when a reasonable time remains within which to file suit; . . . [(3)] where a person makes a reasonable inquiry which does not reveal the elements of the cause of action within the statutory period at a point where there remains a reasonable time within which to file suit, the limitations period is tolled until a reasonable person discovers actual knowledge of, or would again be prompted to inquire into, the cause of action.

*Cameron v. State*, 822 P.2d 1362, 1366–67 (Alaska 1991). As Smith & Nephew notes, a plaintiff

has "sufficient information to prompt an inquiry into his cause of action once the plaintiff learns

that he has a medically documented . . . condition." *Sopko v. Dowell Schlumberger, Inc.*, 21 P.3d

1265, 1271 (Alaska 2001) (quoting *Cameron*, 822 P.2d at 1367). But this does not mean that the

statutory period will always begin to run at the time a plaintiff becomes aware of a medically

documented condition. The statutory period will be tolled if, even though the plaintiff has

sufficient information to prompt an inquiry into the cause of action, the plaintiff cannot

reasonably discover all of the essential elements of the cause of action within the statutory period

with sufficient time remaining to bring suit. *See Sopko*, 21 P.3d at 1271–72; *Cameron*, 822 P.2d

at 1367.

Causation is an essential element of a cause of action. *See Cameron*, 822 P.2d at 1367.

The complaints do not delineate when causation became or reasonably should have become

apparent. But based on the plaintiffs' allegations that Smith & Nephew failed to disclose or, in

some cases, affirmatively misrepresented information regarding the safety of the BHR device, it

is plausible that causation could not reasonably have been discovered within the statutory period,

and the statute of limitations period should therefore be tolled. (Am. Compl., ECF No. 124, at

¶¶ 21, 23, 62, 72–74, 79, 102,103, 113, 255, 265–71, 369, and 461). Because the determination

of when the plaintiffs either did or reasonably could have discovered the cause of their injuries

requires further factual development, Smith & Nephew's motion to dismiss claims filed under

Alaska law will be denied.

Arizona:

Under Arizona law, product liability actions have a two-year statute of limitations, ARIZ. REV. STAT. § 12-542, and "a cause of action accrues, and the statute of limitations commences, when one party is able to sue another." *Murrell v. Wyeth, Inc.*, No. 2:13-28801, 2013 WL 1882193, *3 (D. Az. May 3, 2013).[8] "[A] plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Id.* In a products liability case, the plaintiffs must know the product was:

> [I]n some way causally connected to their injuries. It is not enough that a person comprehend the "what" of her injury; there must also be reason to connect the "what" to a particular "who" in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault.

*Id.* (internal citations and quotations omitted).

The Arizona Supreme Court has noted that the "important inquiry in applying the discovery rule is whether the plaintiff's injury or the conduct causing the injury is difficult for the plaintiff to detect." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of America*, 182 Ariz. 586, 589 (Az. 1995) (noting also that the discovery rule often applies when "the defendant has been in a far superior position to comprehend the act and the injury") (quoting *April Enters. V. KTTV*, 195 Cal.Rptr. 421, 436 (Ct.App. 1983)). In cases where "an unfortunate result would immediately put the plaintiff on notice that the result is not only unfavorable but might be attributable to some fault and should be investigated," the statutory period begins to run at the time of physical injury. *Walk v. Ring*, 202 Ariz. 310, 314 (Az. 2002). Examples in this first category of cases, where harm and the possibility of wrongful conduct are immediately obvious,

---

[8] Unpublished opinions are cited not for their precedential value but for the soundness of their reasoning, and because of the parties' reliance on them.

include anesthesia-induced brain injury and death during elective outpatient surgery and injury to a party's hand during a dental procedure. *Id.*

But there are also cases where the "factual context does not permit finding, as a matter of law, that a patient was promptly on sufficient notice of the confluence of 'what' and 'who' and that an unhappy result should be investigated to determine whether it is attributable to fault of those responsible for the patient's care." *Id.* Illustrating this latter category, the Arizona Supreme Court pointed to *Morrison v. Acton*, 68 Ariz. 27 (1948), where the statute of limitations was tolled because the plaintiff knew his jaw pain resulted from a dental procedure, but was not aware of his dentist's negligence. *Walk*, 202 Ariz. at 315. This case falls squarely in the latter camp. Based on the face of the complaint alone, this court cannot determine when plaintiffs knew or reasonably should have known not only what caused their injury, but also who was responsible for their harm. This is especially true given the informational asymmetries a layperson faces when they receive medical care.

Smith & Nephew points to language from *Roulston v. Foree Tire Co.*, No. 88-2691, 1990 WL 35216 (9th Cir. 1990), to bolster its case. (Defs.' Reply Ex. D at 3, ECF No. 895-1). In *Roulston*, the Ninth Circuit, presented with a factual scenario that the Arizona Supreme Court had not clearly addressed, surmised that the Arizona Supreme Court would likely only require plaintiffs to have knowledge that a product was causally connected to their injuries, rather than knowledge about a specific product defect. But this language is not compelling for several reasons: It is not a published opinion; it is not binding on the Arizona Supreme Court; it predates cases such as *Walk*, 202 Ariz. at 314–19, which articulates the Arizona Supreme Court's current understanding of the state's discovery rule; and the facts at issue in *Roulston* differ in important ways from the facts in the present case. In *Roulston*, the product in question was a new tire,

9

which exploded, causing injury. This sort of "catastrophic event" gives an injured party more immediate cause to "investigate possible culpability" than an adverse medical condition, where informational asymmetries affect a layperson's ability to determine cause. *Murrell*, 2013 WL 1882193, at *4.

Arkansas:

Under Arkansas law, a three-year statute of limitations period applies to product liability actions. ARK. CODE ANN. § 16-116-203. "[I]n product liability cases, the statute of limitations . . . does not commence running until the plaintiff knew or, by the exercise of reasonable diligence, should have discovered the causal connection between the product and the injuries suffered." *Martin v. Arthur*, 3 S.W.3d 684, 690 (Ar. 1999). Smith & Nephew alleges that revision surgery alone put the plaintiffs on notice of a causal connection between the BHR device and their suboptimal health outcomes. But without additional information—such as the extent to which the plaintiffs' physicians parroted Smith & Nephews' assurances about the device's safety, or whether the plaintiffs were told their maladies were due to some other mishap during implantation surgery, such as surgical error—the complaint alone cannot pinpoint the date the causal link between the harm and the BHR device was discovered.

California:

California law imposes a two-year statutory period for personal injury actions. CAL. CIV. PROC. § 335.1. California similarly has a discovery rule. Under its discovery rule:

> a cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action.

*Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 917 (Cal. 2005). "[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Id.* at 920. Injury "means both a person's physical condition and its negligent cause." *Id.* at 920 n.2. In other words, it is the discovery that a plaintiff's injury results from a wrongful cause, rather than the initial diagnosis, which triggers the statute of limitations period. "[A] plaintiff's ignorance of wrongdoing involving a product's defect will usually delay accrual because such wrongdoing is essential to that cause of action." *Fox*, 110 P.3d at 924.

In order to invoke California's discovery rule, however, a "plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 920–21. "The first prong requires plaintiffs to allege facts showing the time and surrounding circumstances of the discovery of the cause of action upon which they rely." *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1324 (Cal. Ct. App. 2007) (internal quotations omitted). The second pleading requirement is satisfied by pleadings which "do not suggest any circumstances that should have alerted plaintiff to its injury at defendant's hands." *Id.* at 1325.

The plaintiffs allege that Smith & Nephew failed to disclose or, in some cases, affirmatively misrepresented the safety of its product. (Am. Compl., ECF No. 124 at ¶¶ 21, 23, 62, 72–74, 79, 102,103, 113, 255, 265-71, 369, 461). Plaintiffs argue this made it more likely that patients' physicians would parrot the company's assertions, and less likely that even the most diligent plaintiffs would discover Smith & Nephew's wrongful conduct. For example, plaintiffs allege that Smith & Nephew's failure to notify physicians and patients about the need

11

for metal ion testing after voluntarily recalling the BHR device in June 2015 from US markets for all women, all men age 65 or older, and all men requiring femoral head sizes 46 mm or smaller, "resulted in delayed testing and/or awareness about the health hazards posed by their BHR devices." (*Id.* at ¶ 21). While these assertions may suffice to fulfill the second part of California's pleading requirements, and support the plaintiffs' claim that complaints brought under California law did not accrue until the full-scale September 2015 BHR recall, plaintiffs have not adequately pleaded facts to establish the time and manner of discovery. Plaintiffs will therefore be granted leave to amend their complaint to reflect the time and manner of their discovery of the harm.

Indiana:

Indiana law applies a two-year statutory period to product liability actions. IND. CODE ANN. § 34-20-3-1(b)(1). "[T]he Indiana statute of limitations begins to run from the date that the plaintiff knew or should have discovered (1) that the plaintiff suffered an injury or impingement, and (2) that the injury or impingement was caused by the product or act of another." *DuRocher v. Riddell, Inc.*, 97 F.Supp.3d 1006, 1029 (D. S.D. 2015) (quoting *Evenson v. Osmose Wood Preserving Co. of Am., Inc.*, 899 F.2d 701, 703 (7th Cir. 1990)). "[A] person knows or should have discovered the cause of his injury when he has or should have discovered some evidence that there was a reasonable possibility that his injury was caused by the act or product of another." *Id.* This requires more than "mere suspicion." *Id.* Under Indiana law, a layperson's suspicions alone, without corroboration from a doctor or another external source, is not enough to trigger accrual of the cause of action. *Compare Evenson*, 899 F.2d at 704 (cause of action did not accrue until layperson's own suspicions were corroborated by doctors), *with Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106 (7th Cir. 1985) (cause of action accrued because layperson's

suspicions could be corroborated by hospital discharge summary, which identified the likely cause of her injuries).

Based on the face of the complaint alone, the court cannot determine when plaintiffs' knowledge about the cause of their injuries rose above "mere suspicion." Suboptimal surgical outcomes can result from a slew of possible causes, and further factual inquiry is necessary to determine what information the plaintiffs received that might have corroborated their own suspicions about the BHR device.

Massachusetts:

Under Massachusetts law, personal injury actions are subject to a three-year statutory period. MASS. GEN. LAWS ANN. ch. 260, § 2A. And Massachusetts's discovery rule applies to product liability civil actions. *Fidler v. E.M. Parker Co.*, 476 N.E.2d 595, 602 (Mass. 1985). Under Massachusetts's discovery rule, a "cause of action does not accrue until [a plaintiff] knows or reasonably should have known that she was injured at the defendant's hands." *Lareau v. Page*, 840 F.Supp. 920, 925 (D. Mass. 1993) (citing *Fidler v. Eastman Kodak Co.*, 714 F.2d 192, 199 (1st Cir. 1983). Knowledge of the likely cause of a plaintiff's injury requires "a belief that the defendant's conduct likely or probably caused the injury, and second, some justification for that belief." *Pitts v. Aerolite SPE Corp.*, 673 F.Supp. 1123,1128 n.7 (D. Mass. 1987). And in the product liability context, this requires "knowledge that one has been harmed by defendant's product," but does not require knowledge that the defendant breached a legal duty. *See Eastman Kodak*, 714 F.2d at 199.

Based on the face of the plaintiffs' complaints alone, it is not clear that revision surgery put the plaintiffs on notice of the likely cause of their injuries. Revision surgery alone only

13

denotes the need for remedial measures; it does not identify whether the cause of an individual's maladies are the result of the BHR product, surgical error, or some aberration unique to the patient's medical history. And because the court's inquiry at the motion to dismiss stage is bounded by the information presented in the complaint, the court cannot determine when the Massachusetts plaintiffs knew or reasonably should have known the likely cause of their injuries. Smith & Nephew's motion to dismiss these claims as untimely therefore will be denied.

New Jersey:

Under New Jersey law, a two-year statutory period applies to claims of personal injury and product liability. N.J. STAT. ANN § 2A:14-2. New Jersey's discovery rule "prevents the statute of limitations from running when injured parties reasonably are unaware that they have been injured, or, although aware of an injury, do not know that the injury is attributable to the fault of another." *Kendall v. Hoffman-La Roche, Inc.*, 36 A.3d 541, 552 (N.J. 2012). A claim therefore accrues when the plaintiff knows she has been injured and has "'reasonable medical information' that connects an injury with fault." *Id.* at 553 (quoting *Vispisiano v. Ashland Chem. Co.*, 527 A.2d 66, 76 (1987)).

New Jersey's discovery rule cannot be applied devoid of context; it is "a highly fact-specific inquiry" that varies based on the type of injury and the information available to the plaintiff regarding fault. *Yarchak v. Trek Bicycle Corp.*, 208 F.Supp.2d 470, 480–81 (D. N.J. 2002). Smith & Nephew suggests that the need for remedial surgery sufficed to put the plaintiffs on notice not only that they were injured, but also that their injury was due to the fault of another. (Defs.' Reply Ex. D at 15, ECF No. 895). But based on the complaints alone, it is not clear what information the plaintiffs received regarding either the source of their injury, or the existence of fault. In determining whether a plaintiff had "reasonable medical information" to

connect their injury to fault, for example, New Jersey courts frequently consider whether a plaintiff's physicians "dismissed or downplayed" the causal connection between a product and the plaintiff's injury. *See Yarchak*, 208 F.Supp.2d at 488; *Vispisiano*, 527 A.2d at 69–70. Without a clearer picture of the facts, including what, if anything, the plaintiffs' doctors said regarding potential fault, the court cannot determine when the plaintiffs' claims accrued. Smith & Nephew's motion to dismiss the claims of the New Jersey plaintiffs as untimely therefore will be denied.

Ohio:

Ohio Revised Code § 2305.10(A) governs product liability civil actions commenced after April 7, 2005, and imposes a two-year statute of limitations for product liability claims and claims of bodily injury, unless plaintiffs invoke § 2305.10(B), the statutory discovery rule, which tolls the accrual of a claim until:

> [T]he plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first.

Ohio R.C. § 2305.10; *Musgrave v. Breg, Inc.*, 2011 WL 5299489, *3 (S.D. Ohio Nov. 4, 2011).

Ohio courts have read § 2305.10(B) as requiring that plaintiffs have knowledge that their injury was caused by defendant's wrongful conduct. *See Hutchens v. Abbott Laboratories, Inc.*, 2016 WL 5661582, *11 (N.D. Ohio Sept. 30, 2011) ("[B]oth [§ 2305.10] and Ohio Supreme Court precedent clearly hold that a cause of action does not arise and/or accrue until the plaintiff discovers the injury was caused by wrongful conduct."); *Pettit v. SmithKline Beecham Corp.*, 2010 WL 1463479, *2 (S.D. Ohio April 13, 2010) (holding the discovery rule set forth in § 2305.10(B) is comprised of two parts: '(1) a plaintiff must know or reasonably should know that

15

he has been injured, and (2) a plaintiff must know or reasonably should know the defendant's conduct proximately caused the plaintiff's injury.'") (quoting *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (Ohio App. 6 Dist. 1983)). Further the Sixth Circuit, applying Ohio law, has held that a claim will accrue only if the plaintiff is "alerted to the fact that an implanted medical device is defective." *Dunn v. Ethicon, Inc.*, 167 Fed. Appx. 539, 541 (6th Cir. 2006); *Griffin v. Am. Med. Sys.*, 1997 WL 6131, *2 (6th Cir. Jan. 7, 1997).[9]

Based on the face of the complaints alone, the court cannot determine when the Ohio plaintiffs learned not only that they were injured, but also that their injury was due to either Smith & Nephew's conduct, or to a product defect. Smith & Nephew's motion to dismiss these claims therefore will be denied.

Oregon:

In 2003, the Oregon legislature enacted HB 2080, which modified the state's discovery rule for product liability civil actions so that the two-year statute of limitations, OR. REV. STAT. ANN. § 30.905, begins to run when "the plaintiff first discovers or, in the exercise of reasonable care, should have discovered that the injury or other damage complained of exists and was the result of a product defect." *Fox v. Collins*, 162 P.3d 998, 1000 (Or. Ct. App. 2007); *see also Stromenger v. Novartis Pharmaceuticals Corp.*, No. 3:12-cv-00686-HU, 2012 WL 6649186, *5 (D. Or. Oct. 22, 2012). This modern formulation of the state's discovery rule applies to injuries that occurred after January 1, 2004. *See Stromenger*, 2012 WL 6649186, at*5. David Dunsmore, the only Oregon plaintiff who Smith & Nephew alleges has time-barred claims, received his

---

[9] In *Griffin*, the plaintiff's claim accrued on the date of revision surgery because this was the date the plaintiff was informed that the product was defective. *Griffin*, 1997 WL 6131, at *2; *see also Grant v. Memry Corp.*, 2006 WL 2794732, *4 (Sept. 27, 2006) (interpreting *Griffin*, 1997 WL 6131, at *2). This does not support Smith & Nephew's contention that revision surgery triggered the statutory period unless the plaintiffs learned the BHR device was defective on the date of their revision surgery—information which is not before the court at this time.

BHR device in 2009. HB 2080 therefore applies. *Dunsmore*, 1:17-cv-02620. And revision surgery alone does not necessarily put plaintiffs on notice of a product defect. Further factual development is therefore required to determine when Dunsmore learned the BHR product was faulty.

Smith & Nephew relies on the text of O.R.S. § 30.905, which states that a product liability civil action must be commenced "not later than two years after the plaintiff discovers, or reasonably should have discovered, the personal injury or property damage and the causal relationship between the injury or damage and the product, or the causal relationship between the injury or damage and the conduct of the defendant." O.R.S. § 30.905(1). In doing so, Smith & Nephew ignores the Oregon precedent which has read O.R.S. § 30.905 to require knowledge of a product defect. *See Fox*, 162 P.3d at 1000; *Stromenger*, 2012 WL 6649186 at *5. And even if the court were to take Smith & Nephew's assertion at face value, the complaint alone does not establish when Dunsmore discovered the causal relationship between his injury and either the BHR device or Smith & Nephew's allegedly tortious conduct.

Pennsylvania:

Pennsylvania applies a two-year statutory period to personal injury causes of action. Title 42 PA. STAT. AND CONS. STAT. ANN. § 5524(2), (7). Under Pennsylvania's discovery rule, the statutory period commences when the plaintiff "knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Romah v. Hygienic Sanitation Co.*, 705 A.2d 841, 857 (Pa. Super. 1997) (quoting *Redenz ex rel. Redenz v. Rosenberg*, 360 Pa.Super. 430, 520 A.2d 883, 885 (Pa.Super.1987)). The requirement of knowledge that an individual's injury was caused by another party's conduct is met by inquiry

notice, "actual or constructive knowledge of at least some form of significant harm and of the factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Danysh v. Eli Lilly and Co.*, No. 1-10-CV-02116, 2011 WL 4344601, *7 (M.D. Pa. July 13, 2011). And "awareness of injury and suspicion of its cause" have been held to trigger the statutory period. *Id.* at *8 (citing *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). This is a "fact intensive" inquiry ordinarily left to the jury. *Gleason*, 15 A.3d at 485.

Smith & Nephew argues that revision surgery alone sufficed to trigger the statutory period because it rose to the level of inquiry notice. (Defs.' Reply Ex. D at 20, ECF No. 895). But based on the face of the plaintiffs' complaints, it is not clear what, if any, information the plaintiffs had regarding the cause of their injuries at the time of the revision surgery. Without further factual development, the court cannot say with certainty when the plaintiffs' claims accrued. Smith & Nephew's motion to dismiss these claims as untimely therefore will be denied.

Utah:

In Utah, a product liability action "shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, both the harm and its cause." UTAH CODE ANN. § 78B-6-706. The "relevant harm is the physical injury or illness suffered by the plaintiff as a result of the defendant's conduct." *Adams v. American Medical System, Inc.*, 705 Fed. App'x. 744, 746 (10th Cir. 2017). Causation is a murkier inquiry. The Utah Supreme Court has not addressed whether discovery of the harm's cause requires mere knowledge that the harm is caused by the product, or knowledge that the harm is caused by a product defect. *Id.* at 747 n.5; *In re Boston Scientific Corp.*, 2015 WL 1466746, at *4 (S.D. W.Va. Mar. 30, 2015), *aff'd*, 647 Fed.Appx. 184 (4th Cir.

2016) (per curiam). And district courts that have addressed this question are split on the issue. *Compare Bridgewaters v. Toro Co.*, 819 F.Supp. 1002, 1008–09 (D. Utah 1993) (knowledge of product defect triggers statute of limitations), *with In re Boston Scientific Corp.*, 2015 WL 1466746 at *4 (statute of limitations begins to run once "possible causal relation" between injury and product is discovered). Because Utah courts have not addressed this issue squarely, this thorny question will not be resolved at the motion to dismiss stage.

<u>Wisconsin</u>:

Under Wisconsin law, personal injury causes of action have a three-year statute of limitations, WIS. STAT. ANN. § 893.54, and "a cause of action cannot be said to accrue until the claimant discovers both the nature of his or her injury and its cause-or at least a relationship between the event and injury." *S.J.D. v. Mentor Corp.*, 463 N.W.2d 873, 875 (Wis. Ct. App. 1990)). And "the relationship between the injury and its cause must be more than a layperson's hunch or belief." *Id.* The claimant must have an "objective basis for determining that the defendant had a role in causing his or her injuries." *Id.* at 877.

Smith & Nephew contends that the medical complications which compelled the plaintiffs' revision surgery were a sufficiently objective basis to allow the plaintiffs to discover the cause of their injury. (Defs.' Reply at 7, ECF No. 895). The *S.J.D.* court concluded that the results of the plaintiff's exploratory surgery provided the plaintiff with an objective basis for determining the defendant's role in causing the plaintiff's injury, allowing the cause of action to accrue. *S.J.D.*, 463 N.W.2d at 877. But the court cannot reach a similar conclusion here. The exploratory surgery in *S.J.D.* was conducted for the sole purpose of determining whether the plaintiff's prosthesis was faulty. And though the *S.J.D.* court does not say so explicitly, the results of the surgery likely were conveyed to the plaintiff after the surgery. By contrast, when

the Wisconsin plaintiffs in this case received revision surgery, the goal was to remediate rather than to determine causation. And based on the face of the complaint alone, it is not clear what information, if any, the plaintiffs received either before or after their revision surgeries that might have provided an objective basis for discovering Smith & Nephew's role in causing their injuries.

Further factual inquiry is required to determine when the plaintiffs had an objective basis for assessing Smith & Nephew's role in causing their injuries. The court therefore will deny Smith & Nephew's motion to hold these claims untimely.

IV.

As discussed above, discovery rules are inherently fact-bound. Their application demands inquiries into the plaintiffs' states of mind and medical histories, which ordinarily cannot be resolved on the face of the MACC and the plaintiffs' short-form complaints. Four states, however—Alabama, Idaho, Michigan, and New York—either do not have a discovery rule that applies to personal injury or product liability claims, or a determination of whether claims arising from those states are timely may be made on the face of the plaintiffs' complaints notwithstanding the state's discovery rule. *See Payton v. Monsanto Co.*, 801 So.2d 829, 835 (Al. 2001) ("The fact that a plaintiff discovers damage for the first time outside the limitations period does not save the plaintiff because this Court has declined to apply a 'discovery rule.'"); IDAHO CODE ANN. § 5-219(4) (In all actions, "whether arising from professional malpractice or otherwise, the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages."); *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670 (Mich. 2007) (holding that § 600.5827 supplanted Michigan's common law discovery rule,

and save for a few statutory carveouts where the statutory period is tolled, claims accrue at the time the wrong occurs); *Gaillard v. Bayer Corp.*, 986 F.Supp.2d 241, 245–46 (E.D.N.Y. 2013) (Under C.P.L.R. § 214-c, New York's discovery rule, "[t]he three year limitations period runs from the date when plaintiff first noticed symptoms, rather than when a physician first diagnosed those symptoms." (quoting *Galletta v. Stryker Corp.*, 283 F.Supp.2d 914, 917 (S.D.N.Y. 2003))).

That is so, however, so long as the plaintiffs have not sufficiently alleged that Smith & Nephew fraudulently concealed the plaintiffs' causes of action or, where a jurisdiction treats these doctrines differently, that their limitation periods should not be equitably tolled. Alabama, Idaho, Michigan, and New York each tolls a limitations period where "the plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the defendant." *Putter v. North Shore University Hosp.*, 858 N.E.2d 1140, 1142 (N.Y. 2006); *see also DGB, LLC v. Hinds*, 55 So.3d 218, 224–25 (Al. 2010) (holding that a statute of limitations will be tolled where a defendant fraudulently conceals "the existence of a cause of action from the party in whose favor the cause of action exists.") (emphasis omitted); *Theriault v. A.H. Robins Co., Inc.*, 698 P.2d 365, 369 (Idaho 1985) (explaining that a "defendant will be estopped from raising the statute of limitations as a bar to plaintiff's action where defendant's representations or conduct dissuaded the plaintiff prosecuting his or her cause of action during the statutory period"); *Trentadue*, 738 N.W.2d at 679 (MCL 600.5855, Michigan's fraudulent concealment statute, tolls the statutory period). Fraudulent concealment, then, raises factual questions, akin to those raised by the discovery rule, about a defendant's conduct, and a plaintiff's reliance on that conduct, that are difficult to answer by referencing the complaints alone. Thus, if the plaintiffs have adequately alleged fraudulent

concealment, claims arising under the laws of Alabama, Idaho, Michigan, and New York should be decided after discovery.

A.

Because the plaintiffs' arguments for fraudulent concealment are preempted, however, the court finds that the plaintiffs have not adequately alleged fraudulent concealment. Under *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008) state law requirements are expressly preempted under the Medical Device Act if: (1) "the Federal Government has established requirements applicable to" the relevant medical device and (2) the state law requirements are "different from, or in addition to" those requirements and "relate to [the] safety and effectiveness" of the device. *Riegel*, 552 U.S. at 321–24. Laws that parallel federal requirements, however, escape express preemption.

The plaintiffs argue that Smith & Nephew fraudulently concealed their causes of action by failing to disclose that it was no longer protected by its Pre-Market Approval agreement with the FDA and by failing to warn patients and the medical community that the BHR device was defective and unsafe. But the plaintiffs' arguments cannot support a claim of fraudulent concealment for, as the court has held, Smith & Nephew was not federally required to disclose adverse incidents concerning the BHR device to any person or entity other than the FDA, and Smith & Nephew never lost its PMA. And the decision as to whether Smith & Nephew should have lost its PMA is left solely to the FDA.[10] Thus, the plaintiffs' arguments either misstate the

---

[10] Smith & Nephew argues that the court already rejected the plaintiff's fraudulent concealment argument in its March 2018 ruling on its motion to dismiss the plaintiffs Master Amended Consolidated Complaint. (Defs.' Mot. Dismiss at 13, ECF No. 795; ECF No. 608). But the court only held, as it does here, that the plaintiffs cannot claim Smith & Nephew lost premarket approval as a result of its conduct. *In Re: Smith & Nephew*, 300 F. Supp. 3d at 737 n.5 (D. Md. 2018).

facts or are expressly preempted because they would impose requirements different from, or in addition to, those imposed by the FDA.[11]

## B.

Because the plaintiffs' fraudulent concealment claim is preempted, the plaintiffs cannot toll the statutes of limitations in Alabama, Idaho, Michigan, or New York on that ground. And, even to the extent Alabama, Idaho, Michigan, and New York recognize an equitable estoppel doctrine that covers not only fraudulent concealment, but also affirmative misrepresentation, the plaintiffs will find no further grounds for relief.

New York provides the "extraordinary" remedy of precluding a defendant from using the statute of limitations as a defense "where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." *Putter v. North Shore Univ. Hosp.*, 858 N.E.2d 1140, 1142 (NY 2006). But plaintiffs may only invoke this doctrine if they can allege "subsequent and specific actions by defendants that somehow kept the plaintiff from timely bringing suit." *Zumpano v. Quinn*, 6 NY3d 666, 674 (NY Ct. App. 2006); *see also Theriault*, 698 P.2d at 369 (explaining that a "defendant will be estopped from raising the statute of limitations as a bar to plaintiff's action where defendant's representations or conduct dissuaded the plaintiff prosecuting his or her cause of action during the statutory period"). Beyond their fraudulent concealment arguments, the plaintiffs allege only one instance within the statutory period where Smith & Nephew allegedly concealed its legal liability or otherwise dissuaded plaintiffs from initiating suit—the letter to

---

[11] If the plaintiffs had argued that Smith & Nephew concealed its liability through affirmative statements, unapproved by the FDA, their claim might not be preempted. But as it is, relying only on paragraphs 265-71 of the MACC, the plaintiffs' claims rest entirely on Smith & Nephew having lost PMA approval and failing to disclose information about the BHR device. The plaintiffs do bring the court's attention to a letter sent by Smith & Nephew to plaintiff Eleanor Cannan that states Smith & Nephew cannot be sued under Supreme Court precedent. (Pls.' Resp. to Defs.' Mot. Dismiss Ex. A, ECF No. 853-1). To the extent the court can consider the letter, it is relevant only to the Arizona plaintiff to whom it was sent.

plaintiff Eleanor Cannan. (Pls.' Resp. to Defs.' Mot. Dismiss Ex. A, ECF No. 853-1). To the extent the court can consider this letter, it is only relevant to the Arizona plaintiff to whom it was sent. The remainder of the arguments the Master Amended Consolidated Complaint raised regarding misrepresentation aver that Smith & Nephew's misrepresentations lulled doctors and patients into selecting the BHR device. This speaks to the existence of an underlying cause of action, but it is not the sort of subsequent misrepresentation made during the statutory period that would support equitably estopping defendants from invoking the statute of limitations. Because plaintiffs' fraudulent concealment arguments are preempted and there are no further grounds to support an equitable estoppel argument—save for plaintiff Cannan's letter—the court will dismiss the complaints discussed below.[12]

In Alabama, the claims raised in *Maize v. Smith & Nephew*, CCB-17-2388, save for the breach of warranty claims, should be dismissed.[13] Alabama applies a two-year statute of limitations that begins running once a plaintiff is injured. ALA. CODE §6-2-38. As Smith & Nephew recognizes, the latest the plaintiff was injured is the date of the revision surgery. Here, that date was February 24, 2015, but *Maize* was not filed until July 2017, nearly five months after the two-year limitations period had ended. Plaintiffs argue that Alabama's continuous tort doctrine should apply to prevent the dismissal of these claims. But that doctrine "describe[s] a defendant's repeated tortious conduct which has repeatedly and continuously injured a plaintiff." *Moon v. Harco Drugs, Inc.*, 435 So.2d 218, 220 (Ala. 1983). Archetypical continuous torts are continuous exposure to a harmful substance in the workplace, and damages for a contaminated

---

[12] Smith & Nephew alleges in its reply that the letter to Cannan and the email correspondence between Cannan and Smith & Nephew demonstrate that Cannan was likely aware of the causal connection between the BHR device and her injury as early as 2014, when she began leaving messages for Smith & Nephew representatives. (Defs.' Reply at 17–19, ECF No. 895; Pls.' Resp., Ex. B, ECF No. 853-2). Because this inference is available only based on information outside of Cannan's complaint, the court will not consider it at the motion to dismiss stage.
[13] Smith & Nephew has not challenged the timeliness of the breach of warranty claims raised in this complaint. (Defs.' Mot. Dismiss, Ex. C at n.1, ECF No. 795-5).

waterway. *Id.* at 220–21. Harm in the present case is not the sort of continuous and indivisible harm that allows for invocation of the continuous tort doctrine. And even under the continuous tort doctrine, "the statutory period of limitations for a continuous tort begins to run from the date of injury . . . the day on which the plaintiff was last exposed to the damage." *Jerkins v. Lincoln Elec. Co.*, 103 So.3d 1, 8 (Ala. 2011). For the purposes of the present case, this date of injury would be, at the latest, the date of the revision surgery, and therefore the claims raised in *Maize*—save for the breach of warranty claims, which Smith & Nephew has not challenged as untimely in this motion to dismiss—are time-barred.

In Idaho, a state with a two-year statute of limitations, IDAHO CODE ANN. § 5-219, three cases must be dismissed: *Botkin v. Smith & Nephew*, CCB-17-2606; *Carrera v. Smith & Nephew*, CCB-17-3544; and *Kinghorn et al. v. Smith & Nephew*, CCB-17-2653. Revision surgery occurred in *Botkin* in January 2014, but the case was not filed until September 2017; in *Carrera* surgery was performed in September and December of 2013, and the case was filed in November 2017; and in *Kinghorn* surgery occurred in October 2013, but the case was filed in September 2017. Because all three of these cases were filed after the two-year statute of limitations had ended they are time-barred and will be dismissed.

In Michigan, a state with a three-year statute of limitations, MICH. COMP. LAWS ANN. § 600.5805(10), and no applicable discovery rule, MICH. COMP. LAWS ANN. § 600.5827, one case is time-barred: *McLaughlin v. Smith & Nephew*, CCB-17-2657. McLaughlin's revision surgery occurred during July 2007, but McLaughlin's complaint was not filed until September 8, 2017.

Finally, under New York's discovery rule, a three-year statute of limitations applies to personal injury claims arising from "the latent effects of exposure to any substance or

combination of substances." NY CPLR § 214-c. Because this statutory period is triggered at the moment of discovery of symptoms, rather than the discovery of the symptoms' cause, the timeliness of the plaintiffs' claims may be determined based on the complaints. *Gaillard*, 986 F.Supp.2d at 245–47. Further, New York applies a four-year statute of limitations to breach of warranty claims. NY UCC § 2-725. Under New York law, the plaintiffs' claims in nine cases—save for the breach of warranty claims in five cases[14]—are therefore time-barred: (1) *Aitcheson v. Smith & Nephew*, CCB-18-252—revision on September 24, 2013, filed on January 26, 2018; (2) *Colon v. Smith & Nephew*, CCB-18-1080—revision on July 7, 2014, filed January 2018; (3) *Cotten v. Smith & Nephew*, CCB-17-2542—revision in December 2012, filed on September 1, 2017; (4) *DeJohn v. Smith & Nephew*, CCB-18-275—revision in October 2014, case filed in January 2018; (5) *Durdon et al. v. Smith & Nephew*, CCB-17-2612—revision on August 12, 2011, filed on September 7, 2017; (6) *Leung et al. v. Smith & Nephew*, CCB-17-2508—revision in November 2013, filed on August 30, 2017; (7) *McCormick v. Smith & Nephew*, CCB-17-2814—revision in February 2013, filed on September 21, 2017; (8) *Palmquist v. Smith & Nephew*, CCB-17-2282—revision surgery in September 2012, filed in July 2017; (9) *Parrish v. Smith & Nephew*, CCB-17-2682—revision on July 1, 2014, filed on September 8, 2017.

Plaintiffs argue that New York statute CPLR § 214-c(4), the unknown cause exception, applies to these claims. Section 214-c(4) governs claims that are not filed within the three-year statutory period because the cause of a putative plaintiff's injury is unknown. CPLR § 214-c(4). In these cases, if the plaintiff discovers the cause of the injury within five years after the injury has been discovered, the plaintiff may bring the claim within one year of discovering the cause

---

[14] Smith & Nephew has not challenged the timeliness of the breach of warranty claims brought by plaintiffs in: (1) *Colon v. Smith & Nephew*, CCB-18-1080; (2) *Cotten v. Smith & Nephew*, CCB-17-2542; (3) *DeJohn v. Smith & Nephew*, CCB-18-275; (4) *Leung et al. v. Smith & Nephew*, CCB-17-2508; or (5) *Parrish v. Smith & Nephew*, CCB-17-2682. (Defs.' Mot. Dismiss, Ex. C at n.1, ECF No. 795-5).

of the injury. *Id.* But § 214-c(4) is only triggered if "technical, scientific or medical knowledge and information sufficient to ascertain the cause of [the] injury had not been discovered, identified or determined" during the ordinary three-year statutory period which accrues at the date of discovery of the injury. *Id.* Neither the putative plaintiff nor her doctors need have the requisite knowledge to determine cause, instead, the medical community writ large "must be able to ascertain the cause of [the] injury." *Giordano v. Market America,* 15 N.Y.3d 590, 600–01 (Ct. App. N.Y. 2010). And the *Frye* test of general acceptance governs this inquiry, so that cause can be discovered at "the point at which expert testimony to the existence of the relationship would be admissible in New York courts." *Id.* at 601–02. Because the plaintiffs have not raised a palpable argument that this knowledge did not exist at the time their claims accrued, this provision does not apply, and the aforementioned claims are time-barred.

## Conclusion

For the reasons stated above, Smith & Nephew's motion will be granted in part and denied in part. Four complaints—*Stafford v. Smith & Nephew,* CCB-18-708, *Britt v. Smith & Nephew,* CCB-17-3421, *Aaron v. Smith & Nephew,* CCB-17-3503, and *Morgan v. Smith & Nephew,* CCB-17-3377—will be dismissed as untimely even based on the plaintiffs' theory of accrual. Of the remaining states relevant to this motion, all but four apply a discovery rule that requires a fact-intensive inquiry. Claims that arise in the states that employ a discovery rule therefore will not be decided on a motion to dismiss.[15] Because Alabama, Idaho, Michigan, and New York either do not employ a discovery rule that is applicable to the facts at hand, or employ a discovery rule that does not necessitate further factual inquiry, and the plaintiffs' fraudulent

---

[15] As to claims arising in California, however, the motion to dismiss will be denied without prejudice to allow plaintiffs the opportunity to amend their complaint.

concealment claim is preempted, the court can determine the timeliness of those claims based on the face of the complaint alone. As explained, each of the claims Smith & Nephew identified from these four states, save for the breach of warranty claims it has not challenged, is time-barred. A separate order follows.

_____
Date  11/19/18

_____
Catherine C. Blake
United States District Judge