IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | MDL No. 2775 Master Docket No. 1:17-md-2775 JUDGE CATHERINE C. BLAKE **THIS DOCUMENT RELATES TO CERTAIN BHR TRACK CASES** |

*****

## **MEMORANDUM**

Now pending is Smith & Nephew's ("S&N") motion to dismiss all or most of the claims in 27 BHR track cases[1] as time barred. (ECF 1755). In response to S&N's motion, the plaintiffs have asked the court for leave to file amended short form complaints in the identified cases to add facts relevant to the accrual of the plaintiffs' claims, and have attached proposed amended short form complaints to their responsive pleadings.

The motion has been fully briefed. Lead plaintiffs' counsel filed a response on behalf of all plaintiffs, (Lead Opp'n, ECF 1897), and the plaintiffs in three cases filed a separate, supplemental response, (McPherson et al. Opp'n, ECF 1870). Oral argument was heard on December 18, 2019. For the reasons explained below, the plaintiffs' request for leave to amend will be denied, and S&N's motion will be granted in part and denied in part.

---

[1] S&N initially moved to dismiss claims in 34 cases, but has withdrawn the Motion as to the following cases: *Betters v. Smith & Nephew, Inc.*, CCB-17-1044; *Cleveland v. Smith & Nephew, Inc.*, CCB-17-1037; *Difalco v. Smith & Nephew, Inc.*, CCB-18-2820; *Nrekic v. Smith & Nephew, Inc.*, CCB-18-1607; *Valente v. Smith & Nephew, Inc.*, CCB-18-2402; and *Walker v. Smith & Nephew, Inc.*, CCB-17-1036. The court dismissed *Kwatra v. Smith & Nephew, Inc.*, CCB-18-2436, on October 16, 2019. (ECF 1839, 1840). The court dismissed *Oliver v. Smith & Nephew, Inc.*, CCB-18-3711, on October 23, 2019, (ECF 1885), and there is a pending motion for reconsideration, (ECF 1888). For the purposes of this memorandum, the court will treat *Oliver* as if it had not been dismissed, and for the reasons explained herein, Oliver's motion for reconsideration will be denied as moot. *Bentley v. Smith & Nephew, Inc.*, CCB-19-931, is a THA track case that appears to have been included erroneously.

1

## BACKGROUND

S&N previously filed a motion to dismiss 55 BHR track cases as time barred under applicable state law. (ECF 795). S&N argued that each relevant state statute of limitations inquiry could be resolved by looking to two dates: (1) when the complaint was filed; and (2) when the plaintiff received revision surgery. On November 19, 2018, the court granted in part and denied in part the motion to dismiss. (ECF 1190, 1191). The court generally declined to rule on the timeliness of claims subject to a discovery rule, because the determination of when a claim accrues under a discovery rule is fact-intensive and thus unsuited to decision at the motion to dismiss stage. Where S&N identified claims arising in states without applicable discovery rules, however, the court dismissed claims that were clearly time barred on the face of the complaint. The court also dismissed several claims arising in states *with* applicable discovery rules, where the claims were untimely even based on the plaintiffs' theory of accrual. The court ascertained the plaintiffs' theory of accrual by looking to the Master Amended Consolidated Complaint ("MACC"). Paragraph 268 of the MACC states that "Plaintiffs' statute of limitation would have begun to run from the recall date in September 2015, or the date of his revision surgery, whichever is later." (MACC ¶ 268, ECF 124).

The use of a MACC in this multidistrict litigation was first proposed by the plaintiffs. (ECF 76). In their "Motion for Case Management Order No. 3 for the Adoption of a Master Complaint to Maximize the Efficiency of this MDL," the plaintiffs argued that "[a] master complaint will increase the efficiency in this MDL by providing the Court with a single, centralized, operative complaint for the Court to determine the viability of the claims of the hundreds of plaintiffs with cases in this MDL." (MACC Mot. at 1–2, ECF 76-1). "The purpose of an MDL," argued the plaintiffs, "is to manage hundreds of cases efficiently through devices

2

such as a master complaint -- not to have hundreds of plaintiffs continually file pleadings to conform to the evidence as the case develops." (*Id.* at 4). The plaintiffs proposed a process whereby individual plaintiffs would file short form complaints that would supplement the MACC and "highlight the specific facts of each plaintiff's allegations." (*Id.* at 3).

Pursuant to Case Management Order ("CMO") No. 3, (ECF 120), the plaintiffs filed the MACC on August 11, 2017. CMO No. 3 stated that "[t]he MACC shall be deemed adopted by and applicable to all Plaintiffs in matters filed in or transferred to MDL 2775 before or after the entry of this Order." (CMO No. 3 at 2–3). In a joint motion, S&N and the plaintiffs proposed a template for short form complaints, which included the statement that "Plaintiff adopts the allegations of the Master Amended Consolidated Complaint . . . and all amendments to the MACC," and included a space for individual plaintiffs to write in exceptions or additions to their adoption of the MACC. (ECF 115-2).

For over two years, individual cases have joined this MDL using the MACC and short form complaints, the procedure first proposed by the plaintiffs. The parties—and the court—have relied on the MACC throughout litigation of myriad pretrial issues. Indeed, the court specifically referenced ¶ 268 of the MACC in dismissing several cases as "untimely based on the plaintiffs' theory of accrual." (Nov. 19, 2018, Mem. at 4 n.6, ECF 1190).

S&N's now-pending motion to dismiss expressly relies on the court's reasoning in the November 19, 2018, Memorandum. S&N first argues that five cases arising under Michigan law and six cases arising under New York law should be dismissed because, as the court previously determined, Michigan and New York do not have applicable discovery rules,[2] and the complaints

---

[2] As explained in Part II, *infra*, New York technically has an applicable discovery rule, NY CPLR § 214-c, but the rule is triggered by the discovery of symptoms rather than the discovery of the symptoms' cause. New York's discovery rule, then, does not allow for delayed accrual in these cases.

3

were filed outside each states' limitations period. S&N next argues that 16 cases should be dismissed—regardless of whether the relevant states have discovery rules—because the plaintiffs adopt ¶ 268 of the MACC, rendering their claims untimely under the relevant state statute of limitations. In response, the plaintiffs request leave to amend the short form complaints in certain cases in order to allege additional facts regarding the accrual of the plaintiffs' claims.

## STANDARD OF REVIEW

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A court may consider a statute of limitations defense on a motion to dismiss only "where the defense is apparent from the face of the complaint." *Wright v. U.S. Postal Service*, 305 F. Supp. 2d 562, 563 (D. Md. 2004).

## ANALYSIS

I.

The threshold issue is whether the plaintiffs should be granted leave to amend their complaints. In all but one of the cases subject to the motion to dismiss, the plaintiffs' short form

4

complaints adopt the MACC in its entirety, including the theory of accrual in ¶ 268.³ Unless the court grants leave to amend, the challenged claims are all time barred under the relevant state statute of limitations.

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has held that "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). S&N claims that in all but four cases, amendment would be futile, as the proposed amended short form complaints continue to adopt the MACC in its entirety. (Reply at 12, ECF 1930). With respect to the other four cases, S&N argues that the plaintiffs should be denied leave to amend on the basis of futility or bad faith.

The court agrees with S&N that amendment would be futile in the cases where the proposed amended short form complaints continue to adopt the MACC in full. The plaintiffs have presented no arguments—either in written form or at oral argument—that the plaintiffs who still adopt the MACC without exception should nonetheless escape dismissal of their claims.⁴ In Part III, the court will explain why the challenged claims in these cases are time barred under the plaintiffs' theory of accrual.

---

³ The exception is *Bentley v. Smith & Nephew, Inc.*, CCB-19-931, a THA track case that instead adopts the allegations of the THA-specific MACC. As discussed in Part III, *infra*, the court will not grant S&N's motion as to *Bentley*.

⁴ At oral argument, the court directly asked plaintiffs' lead counsel about how the plaintiffs could "get around what's in Paragraph 268 and the position that's been taken about limitations running either from revision surgery or September 2015, the recall date." Lead counsel responded that case specific facts support delayed accrual "to the extent that an individual plaintiff disclaims that paragraph and says that that is not the ultimate accrual date." (Dec. 18, 2019, Hr'g Tr. at 22:5–18, ECF 1973). Lead counsel made no additional arguments pertaining to individual plaintiffs who do *not* disclaim ¶ 268.

The court also agrees that in the remaining four cases, the plaintiffs should be denied leave to amend. With respect to one of the cases, *Carlson v. Smith & Nephew, Inc.*, CCB-19-117, amendment would be futile pursuant to this court's November 19, 2018, ruling on Michigan's statute of limitations. *See infra* Part II. With respect to the other three cases—*McPherson v. Smith & Nephew, Inc.*, CCB-19-2128; *Gischer v. Smith & Nephew, Inc.*, CCB-19-2365; and *Shelton v. Smith & Nephew, Inc.*, CCB-18-1968—the court finds there is sufficient evidence of bad faith to deny leave to amend.[5]

It has long been the plaintiffs' position that individual actions accrued on the later of two dates: the date of a plaintiff's revision surgery, or the date of the BHR recall.[6] This is, in some cases, a more generous standard than that initially proposed by S&N, where the revision surgery was the latest date that could constitute accrual. It is only now, in response to S&N's motion to dismiss claims as time barred, that certain plaintiffs seek to retract their theory of accrual and add facts to the short form complaints in an attempt to avoid dismissal. Multiple courts have denied leave to amend where a proposed amended complaint contradicts an assertion in a prior version of the complaint. *See, e.g., Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradic[t] an earlier assertion made in the same proceeding.") (internal quotations omitted);

---

[5] The court applies the term "bad faith" in the sense applicable to analysis of a motion for leave to amend, rather than as any personal criticism of plaintiffs' counsel.

[6] This theory of accrual has been repeated since the filing of the MACC. For example, during an August 29, 2018, hearing, the court and the plaintiffs had the following exchange:
> THE COURT: Well, let me ask you, then. I thought you took the position in the MACC, looking at Paragraph 268, there's a sentence that says "Plaintiff's statute of limitation would have begun to run from the recall date in September 2015 or the date of his revision surgery, whichever is later."
> [PLAINTIFFS' COUNSEL]: Yes, Your Honor.
> THE COURT: I thought that was your position.
> [PLAINTIFFS' COUNSEL]: That is our position, and that's what we've pled in the MACC.

(Aug. 29, 2018, Hr'g Tr. 33:21–34:4, ECF 921).

*Davis v. Complete Auto Recovery Servs., Inc.*, No. CV JKB-16-3079, 2017 WL 6501761, at *2 (D. Md. Dec. 18, 2017) (finding that the plaintiff's "turnabout from the premise of her prior amended complaint . . . is in bad faith").[7] One district court in this Circuit found that a plaintiff acts in bad faith when he seeks to amend his complaint to avoid dismissal under a statute of limitations. *See Echols v. CSX Transp., Inc.*, No. 3:16CV294, 2017 WL 2569734, at *4 (E.D. Va. June 13, 2017), *aff'd*, 700 F. App'x 267 (4th Cir. 2017) (denying leave to amend where the proposed amended complaint "merely changes the date on which [the plaintiff] contends he began to experience respiratory problems in order to have his claims fit within the applicable limitations period"). Two other district courts in this Circuit found bad faith where the timing of a plaintiff's motion suggested a primary purpose of avoiding summary judgment. *See Agbaje v. Hargrave Military Acad.*, 328 F. Supp. 3d 539, 545 (W.D. Va. 2018) (denying leave to amend where the plaintiff's "last-minute claims, filed on the same day as [the defendant's] Motion for Summary Judgment, were clearly an effort to salvage his case and avoid summary judgment"); *Ferguson v. Maita*, 162 F. Supp. 2d 433, 441–42 (W.D.N.C. 2000), *aff'd*, 15 F. App'x 84 (4th Cir. 2001) (denying leave to amend "where the motion to amend is predicated on a lack of success in the litigation" and the plaintiffs "d[id] not dispute that they had been aware of the facts on which [the new] claim [was] based since prior to filing the original complaint").

Here, the plaintiffs admit that the proposal of amended short form complaints is an attempt to "get around or plead sufficient facts to escape a Motion to Dismiss even under [the court's] previous ruling." (Dec. 18, 2019, Hr'g Tr. at 22:2–4, ECF 1973). The court, however, cannot allow the plaintiffs to change course on their theory of accrual at this late stage simply to

---

[7] Unreported cases are cited for the soundness of their reasoning, not for any precedential value.

permit cases to stay in the MDL. Accordingly, the plaintiffs in the remaining four cases will be denied leave to amend. *See infra* Part III.[8, 9]

II.

S&N argues that certain claims in eleven cases are time barred pursuant to the court's ruling on the statutes of limitations in Michigan and New York. For the reasons explained in this subsection, the court agrees.

Michigan:

S&N claims that five cases are entirely time barred under Michigan law: (1) *Geldner v. Smith & Nephew, Inc.*, CCB-18-2800; (2) *Clark v. Smith & Nephew, Inc.*, CCB-18-2778; (3) *Kirsten v. Smith & Nephew, Inc.*, CCB-17-1079; (4) *Carlson v. Smith & Nephew, Inc.*, CCB-19-117; and (5) *Thomas v. Smith & Nephew, Inc.*, CCB-19-2180. Michigan has a three-year statute of limitations, Mich. Comp. Laws § 600.5805(2), (12), and no applicable discovery rule, *id.* § 600.5827.[10] As the court previously ruled, Michigan actions thus accrue on the date of each plaintiff's revision surgery. (Nov. 19, 2018, Mem. at 25). The plaintiffs in the cases identified here all had their revision surgeries more than three years prior to the filing of their complaints.[11]

---

[8] Upon review of the proposed amended complaints, the court also notes that the plaintiffs generally seek to delay accrual of their actions until they had actual knowledge of their legal claims. (*See, e.g.*, McPherson Opp'n at 8 (arguing at the plaintiffs' claims did not accrue until they "stumbled" upon information about the BHR recall)). Possession of actual knowledge, however, is not the relevant benchmark. Even in states with discovery rules, a plaintiff must pursue her legal claim with ordinary diligence. Information about potential claims arising from the BHR device have been in the public domain for many years; S&N has been defending lawsuits related to the BHR device since 2012, *see, e.g., Tillman v. Smith & Nephew, Inc.*, No. 12 C 4977, 2012 WL 6681698 (N.D. Ill. Nov. 1, 2012), and S&N publicly recalled the device on September 10, 2015. Accordingly, even if the court were to allow the plaintiffs to amend their complaints, it is likely that the proposed amended complaints do not allege sufficient facts to invoke a state discovery rule.

[9] As the court will deny leave to amend, it need not address S&N's argument that the court's November 19, 2018, determination on the plaintiff's theory of accrual constitutes "law of the case."

[10] In Michigan, a breach of express warranty claim related to an underlying personal injury claim is also subject to a three-year limitations period. *Stephenson v. C. R. Bard, Inc.*, No. 2:16-CV-11819, 2018 WL 650213, at *3 (S.D.W. Va. Jan. 31, 2018) (citing *Hertzler v. Manshum*, 200 N.W. 155, 157 (Mich. 1924)).

[11] Plaintiff Geldner had her revision surgery on June 30, 2010, and filed suit on September 10, 2018, (ECF 941); plaintiff Clark had her revision surgery on February 4, 2013, and filed suit on September 7, 2018, (ECF 940); plaintiff Kirsten had his revision surgery on September 6, 2013, and filed suit on March 3, 2017, (ECF 200; CCB-17-1079, ECF 1); plaintiff Carlson had his revision surgery on December 8, 2014, and filed suit on January 11,

8

First, the plaintiffs do not address plaintiff Clark's case or appear to contest its dismissal.[12] Second, the plaintiffs state that because plaintiffs Kirsten and Geldner filed their complaints within three years of the BHR recall, their cases are timely. (Lead Opp'n at 6). As the relevant date for accrual purposes in Michigan is the date of the revision surgery, not the recall, this argument fails. Third, the plaintiffs argue that plaintiff Thomas should be granted leave to amend her complaint to add facts regarding the timing of discovery of her injury. (*Id.* at 17–18). Given Michigan's lack of a discovery rule, however, any amendment regarding discovery would be futile.

Fourth, the plaintiffs argue that plaintiff Carlson's case should not be dismissed as untimely because he was "specifically and expressly told by letter from the General Counsel at Smith & Nephew that he did not have a legal claim." (Lead Opp'n at 14). The letter, however, cannot form the basis for tolling the statute of limitations. The letter, which was a response to a settlement demand from Carlson, affirms the quality of S&N's implants, states that a legal claim may be preempted by federal law, and suggests that Carlson consult further with his legal advisor (Lead Opp'n Ex. A, ECF 1897-1). This sort of lawyer's statement, coming from a potential adversary, does not relieve a plaintiff of their duty to exercise ordinary diligence in pursuing legal claims. *See Douglass v. NTI-TSS, Inc.*, 632 F. Supp. 2d 486, 493 (D. Md. 2009). Accordingly, the five Michigan cases identified above will be dismissed.

New York:

S&N claims that three cases are entirely time barred under New York law: (1) *Nichol v. Smith & Nephew, Inc.*, CCB-18-2442; (2) *Pagano v. Smith & Nephew, Inc.*, CCB-18-1619; (3)

---

2019, (ECF 1312); and plaintiff Thomas had her revision surgery on May 20, 2014, and filed suit on July 24, 2019, (ECF 1682).

[12] Clark has not filed a proposed amended short form complaint.

9

*Vroman v. Smith & Nephew, Inc.*, CCB-19-2257. S&N further argues that all claims in another three cases, except for the breach of express warranty claims, are time barred: (1) *Grove v. Smith & Nephew, Inc.*, CCB-18-955; (2) *Nardelli v. Smith & Nephew, Inc.*, CCB-18-2373; and (3) *Surdo v. Smith & Nephew, Inc.*, CCB-18-1476.

Under New York's discovery rule, a three-year statute of limitations applies to personal injury claims arising from "the latent effects of exposure to any substance or combination of substances." NY CPLR § 214-c. This statutory period is triggered at the moment of discovery of symptoms, rather than the discovery of the symptoms' cause. *Gaillard v. Bayer Corp.*, 986 F. Supp. 2d 241, 245–46 (E.D.N.Y. 2013) ("The three year limitations period runs from the date when plaintiff first noticed symptoms, rather than when a physician first diagnosed those symptoms." (quoting *Galletta v. Stryker Corp.*, 283 F. Supp. 2d 914, 917 (S.D.N.Y. 2003))). As the court previously ruled, under this discovery rule, a New York plaintiff's personal injury claim accrued on the date of his or her revision surgery. (Nov. 19, 2018, Mem. at 25–26). The plaintiffs in the cases identified here all had their revision surgeries more than three years prior to the filing of their complaints.[13]

First, the plaintiffs argue that because Nardelli and Nichol filed their complaints within three years of the BHR recall, their cases are timely. (Lead Opp'n at 7). But this argument fails; under New York's applicable discovery rule, the relevant date for accrual purposes is the date of the revision surgery, not the recall. Second, the plaintiffs argue that the "unknown cause" exception to New York's discovery rule, NY CPLR § 214-c(4), applies to the identified

---

[13] Plaintiff Nichol had her revision surgery on August 31, 2009, and filed suit on August 9, 2018, (ECF 874); plaintiff Pagano had his revision surgery on March 23, 2013, and filed suit on June 5, 2018, (ECF 747); plaintiff Vroman had his revision surgery on September 20, 2012, and filed suit on August 5, 2019, (ECF 1702); plaintiff Grove had the second of two revision surgeries on February 5, 2015, and filed suit on April 2, 2018, (ECF 618); plaintiff Nardelli had her revision surgery on May 4, 2015, and filed suit on August 2, 2018, (ECF 866); and plaintiff Surdo had his revision surgery on May 28, 2014, and filed suit on May 23, 2018, (ECF 711).

10

plaintiffs' claims and extends the limitations period. But, as the court previously ruled, the "unknown cause" exception does not apply where, as here, the plaintiffs have not made a showing that "technical, scientific or medical knowledge and information sufficient to ascertain the cause of [the] injury had not been discovered, identified or determined" during the ordinary three-year statutory period, *see* NY CPLR § 214-c(4). (Nov. 19, 2018, Mem. at 27).

Third, the plaintiffs argue that, pursuant to the doctrine of fraudulent concealment, S&N should be equitably estopped from invoking a statute of limitations defense. New York law tolls a limitations period where "the plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the defendant." *Putter v. N. Shore Univ. Hosp.*, 7 N.Y.3d 548, 552–53, (2006). The plaintiffs claim generally that "[t]he allegations in the MACC are sufficient for the Court to apply the doctrine of equitable estoppel and deny Smith & Nephew's Motion in its entirety," (Lead Opp'n at 1), but do not offer any specific arguments as to why accrual should be tolled in the New York cases subject to the motion to dismiss.[14] Without more, the court cannot consider an equitable estoppel argument.

Finally, New York applies a four-year statute of limitations for breach of warranty claims. NY UCC § 2-725. As plaintiffs Nichol, Pagano, and Vroman's actions accrued more than four years before the filing of their complaints, their breach of warranty claims are also untimely.

---

[14] The plaintiffs assert that "it is well settled in New York that issues of fact regarding equitable estoppel and fraudulent concealment prevent a defendant from invoking the statute of limitations prior to trial." (Lead Opp'n at 12). This statement of law, however, is too broad, seeming to suggest that a mere *allegation* of fraudulent concealment—unaccompanied by supporting evidence—bars a defendant from raising a statue of limitations defense. The cases on which the plaintiffs rely do not support this contention. *See Matter of Steyer*, 70 N.Y.2d 990, 992 (1988) (finding that on the particular factual record of the case, the petitioners were barred from asserting a statute of limitations defense); *see also Erbe v. Lincoln Rochester Tr. Co.*, 13 A.D.2d 211, 215 (1961) (recognizing that where there is not "any basis in th[e] record for spelling out an estoppel," a defendant may properly invoke a statute of limitations defense).

11

Accordingly, all claims in *Nichol*, *Pagano*, and *Vroman* will be dismissed. All claims except for the breach of express warranty claims in *Grove*, *Nardelli*, and *Surdo* will be dismissed.

III.

S&N argues that certain claims in 16 cases are time barred under the relevant state's statute of limitations. The short form complaint in one case, *Bentley v. Smith & Nephew, Inc.*, CCB-19-931, indicates that it is a THA track case. (ECF 1490). As S&N's arguments for dismissal pertain to BHR track cases, the court will deny the motion without prejudice as to *Bentley*. The court agrees, however, that the claims in the other 15 cases identified in this subsection are time barred under the plaintiffs' theory of accrual. While these cases arise in states that employ discovery rules that generally would be inappropriate for analysis on a motion to dismiss, application of the theory of accrual set forth in the MACC may require dismissal of even those claims arising in states with discovery rules. (*See* Nov. 19, 2018, Mem. at 4–5 (dismissing four claims subject to discovery rules as untimely under the plaintiffs' theory of accrual)).

Arizona:

S&N claims that one case, *Martin v. Smith & Nephew, Inc.*, CCB-18-3744, is entirely time barred under Arizona law. In Arizona, personal injury, product liability, and breach of express warranty actions have a two-year statute of limitations. Ariz. Rev. Stat. § 12-542; *In re Bos. Sci. Corp., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:13-CV-14904, 2015 WL 1198545, at *3 (S.D.W. Va. Mar. 16, 2015) (citing *Wetzel v. Commercial Chair Co.*, 500 P.2d 314, 317 (Ariz. Ct. App. 1972)) (holding that a breach of express warranty claim related to an underlying personal injury claim is subject to a two-year limitations period). Plaintiff Martin had her

12

revision surgery before the BHR recall,[15] so her claim accrued on September 15, 2015. As Martin filed her complaint more than two years after the recall,[16] her case will be dismissed.

Colorado:

S&N argues that the claims in *Juliano v. Smith & Nephew, Inc.*, CCB-17-3422, are time barred under Colorado law, except for the breach of express warranty and deceptive trade practices claims. Colorado applies a two-year statute of limitations to all tort actions, including personal injury and products liability actions. Colo. Rev. Stat. § 13-80-102(1)(a)–(b); *id.* § 13-80-106(1). In products liability cases, breach of express and implied warranties claims are subject to a three-year statute of limitations. *See Wieser v. Firestone Tire & Rubber Co.*, 596 F. Supp. 1473, 1475 (D. Colo. 1984) (Colo. Rev. Stat. § 4-2-725 (citing. § 13-80-101(1)(a)), under which contract claims are subject to a three-year of limitations period, applies to breach of warranty claims arising in products liability cases).[17, 18] Plaintiff Juliano had her revision surgery before the BHR recall,[19] so her claims accrued on September 10, 2015. As Juliano filed her complaint outside the limitations period for personal injury cases,[20] all claims except for the breach of express warranty and deceptive trade practices claims will be dismissed.

Georgia:

S&N claims that two cases are entirely time barred under Georgia law: *Boissy v. Smith & Nephew, Inc.*, CCB-17-2837; and *Brown v. Smith & Nephew, Inc.*, CCB-18-2589. In Georgia,

---

[15] Martin's revision surgery was on April 17, 2013. (ECF 1861).
[16] Martin filed suit on December 5, 2018. (ECF 1861).
[17] In *Wieser*, the court analyzed Colo. Rev. Stat. § 13–80–127.5, the then-operable products liability statute of limitations. The current statute is codified at § 13-80-106 but is substantively identical.
[18] The plaintiffs do not appear to contest that these statutes of limitations—which S&N identified in their motion to dismiss, (Mot. Ex. B at 2 n.3, ECF 1755-3)—apply to the Colorado plaintiffs' claims.
[19] Juliano had her revision surgery on April 22, 2015. (ECF 445).
[20] Juliano filed her complaint on November 17, 2017. (ECF 445).

13

personal injury actions are subject to a two-year statute of limitations. Ga. Code § 9-3-33.[21] As plaintiffs Boissy and Brown had their revision surgeries before the BHR recall, their claims accrued on September 10, 2015.[22] Boissy and Brown filed their complaints more than two years after the recall.[23] Accordingly, their cases will be dismissed.

Illinois:

S&N argues that all claims in *McPherson v. Smith & Nephew, Inc.*, CCB-19-2128, and *Thompson v. Smith & Nephew, Inc.*, CCB-19-1446, except for the breach of express warranty claims, are time barred under Illinois law. Illinois imposes a two-year statute of limitations for personal injury and product liability claims. 735 Ill. Comp. Stat. 5/13-202, 5/13-213(d). Plaintiff Thompson's revision surgery was prior to the BHR recall,[24] so his action accrued on September 10, 2015. Plaintiff McPherson had two revision surgeries, one before and one after the BHR recall.[25] The court thus measures the limitations period from the date of her second surgery: November 25, 2015. Thompson filed his complaint more than two years after the recall,[26] and McPherson filed her complaint more than two years after her second surgery.[27] Accordingly, all claims in their cases, except for the breach of express warranty claims, will be dismissed.

Maryland:

S&N argues that all claims in *Henry v. Smith & Nephew, Inc.*, CCB-18-2843, except for the breach of express warranty claim, are time barred under Maryland law. In Maryland,

---

[21] Georgia's two-year statute of limitations also applies to products liability and breach of warranty claims that stem from personal injury claims. *Wheeler v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 1344, 1350–51 (S.D. Ga. 2013) (citing *Adair v. Baker Bros., Inc.*, 185 Ga. App. 807, 808 (1988)).
[22] Boissy had her first revision surgery on December 12, 2011, and her second on March 2, 2015. (ECF 346). Brown had his first revision surgery on March 25, 2013, and his second on August 5, 2013. (ECF 928).
[23] Boissy filed her short form complaint on September 22, 2017. (ECF 346). Brown filed his short form complaint on August 21, 2018. (ECF 928).
[24] Thompson had his revision surgery on August 12, 2013. (ECF 1557).
[25] McPherson had her first revision surgery on March 11, 2015, and her second on November 25, 2015. (ECF 1672).
[26] Thompson filed his complaint on May 17, 2019. (ECF 1557).
[27] McPherson filed her complaint on July 19, 2019. (ECF 1672).

14

personal injury claims are subject to a three-year statute of limitations. Md. Code, Cts. & Jud. Proc. § 5-101; *Phillips v. G.D. Searle & Co.*, 884 F.2d 796, 797–98 (4th Cir. 1989) ("Under the Maryland statutes, actions for negligence, strict liability and fraudulent misrepresentation are barred three years after the cause of action accrues."). Plaintiff Henry had his revision surgery before the BHR recall, so his action accrued on September 10, 2015.[28] As Henry filed his complaint more than three years after the BHR recall,[29] all claims in his case, except for the breach of express warranty claim, will be dismissed.

Montana:

S&N claims that *Sides v. Smith & Nephew, Inc.*, CCB-19-431, is time barred under Montana law. In Montana, personal injury claims are subject to a three-year statute of limitations. Mont. Code § 27-2-204. As plaintiff Sides had his revision surgery before the BHR recall,[30] his action accrued on September 10, 2015. Sides filed his complaint more than three years later.[31] Accordingly, his case will be dismissed.[32]

---

[28] Henry's revision surgery was on June 26, 2012. (ECF 951).
[29] Henry filed his complaint on September 12, 2018. (ECF 951). The court notes that Henry's short-form complaint is internally dated September 11, 2018, but was docketed on September 12, 2018. Even if the court were to treat September 11, 2018, as the filing date, Henry's claims would still be time barred. In Maryland, a period of time described in a statute, such as a limitations period, "is generally computed such that 'the day of the act, event, or default after which the designated period of time begins to run is not included' and '[t]he last day of the period so computed is included,'" unless the last day of the period is a weekend day or holiday. *See Mason v. Bd. of Educ. of Baltimore Cty.*, 375 Md. 504, 507 (2003) (quoting Maryland Rule 1-203); *see also* MD GEN PROVIS § 1-302(a)–(b). Here, Henry's action accrued on September 10, 2015, meaning that the last day of the limitations period was on September 10, 2018, which was a Monday. Henry's filing, then, was untimely, regardless of whether the court considers the complaint filed on September 11, 2018, or September 12, 2018.
[30] Sides had his revision surgery on June 17, 2014. (ECF 1422).
[31] Sides filed his complaint on February 13, 2019. (ECF 1422).
[32] Sides also states a claim of deceptive trade practices and breach of express warranty, both of which are time barred. *See Osterman v. Sears, Roebuck & Co.*, 318 Mont. 342, 349 (deceptive trade practice claims are subject to two-year limitations period); *Duncan v. Sears, Roebuck & Co.*, No. CV-11-54-BU-DLC-CSO, 2012 WL 6569287, at *4 (D. Mont. Oct. 31, 2012), *report and recommendation adopted*, No. CV 11-54-BU-DLC-CSO, 2012 WL 6586516 (D. Mont. Dec. 17, 2012) (breach of warranty claim arising from a tort claim is subject to a three-year limitations period).

New Jersey:

S&N identifies two cases that it claims are entirely time barred under New Jersey law: *Marino v. Smith & Nephew, Inc.*, CCB-18-3142; and *McDermott v. Smith & Nephew, Inc.*, CCB-19-798. Under New Jersey law, a two-year statute of limitations applies to claims of personal injury, product liability, and breach of express warranty. N.J. Stat. Ann § 2A:14-2(a); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 570 (3d Cir. 1976) (§ 2A:14-2 "covers all personal injury claims," including negligence and breach of warranty). Plaintiffs Marino and McDermott both had revision surgery before the BHR recall,[33] so their claims accrued on September 10, 2015. As both plaintiffs filed their complaints more than two years after the BHR recall, their cases will be dismissed.[34]

North Carolina:

S&N claims that *Garner v. Smith & Nephew, Inc.*, CCB-19-2274, is entirely time barred under North Carolina law. In North Carolina, personal injury and breach of warranty claims are subject to a three-year statute of limitations. N.C. Gen. Stat. § 1-52(16) (three-year statute of limitations for personal injury claims); *Dellinger v. Pfizer Inc.*, No. 5:03CV95, 2006 WL 2057654, at *5 (W.D.N.C. July 19, 2006) (citing *Bernick v. Jurden*, 306 N.C. 435, 444–45 (1982)) ("North Carolina extends personal injury as an essential element in breach of express and implied warranty cases, thereby triggering a three-year statute of limitations."). Plaintiff Garner had his revision surgery before the BHR recall,[35] so his claims accrued on September 10, 2015.

---

[33] Marino had his revision surgery on August 19, 2015, (ECF 1107), and McDermott had his revision surgery on March 31, 2014, (ECF 1467).
[34] Marino filed his short-form complaint on October 10, 2018, (ECF 1107), and McDermott filed his short-form complaint on March 15, 2019, (ECF 1467)
[35] Garner's revision surgery was on September 25, 2014. (ECF 1708)

16

As Garner filed suit more than three years after the recall,[36] his claims are time barred, and his case will be dismissed.

Utah:

S&N claims that *Fisher v. Smith & Nephew, Inc.*, CCB-18-2698, is time barred under Utah law. In Utah, personal injury and breach of warranty claims arising from an alleged defective product are subject to a two-year statute of limitations. Utah Code § 78B-6-706; *Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794 P.2d 11, 16 (Utah 1990) (personal injury statute of limitations period applies to breach of implied warranty claims brought as part of a personal injury claim). Plaintiff Fisher had revision surgery before the BHR recall,[37] so his action accrued on September 10, 2015. As Fisher filed suit over two years later,[38] his case will be dismissed.

Wisconsin:

S&N claims that *Oliver v. Smith & Nephew, Inc.*, CCB-18-3711, is entirely time barred under Wisconsin law. In Wisconsin, personal injury claims—and breach of warranty claims arising therefrom—are subject to a three-year statute of limitations. Wis. Stat. § 893.54(a); *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 964 (E.D. Wis. 2009) (three-year statute of limitations applies to breach of warranty claims stemming from an underlying tort claim). Plaintiff Oliver had revision surgery before the BHR recall,[39] so his action accrued on September 10, 2015. He initiated suit over three years later.[40] Accordingly, Oliver's case will be dismissed.

---

[36] Garner filed his short-form complaint on August 7, 2019. (ECF 1708).
[37] Fisher's revision surgery was on November 20, 2014. (ECF 923).
[38] Fisher filed his short-form complaint on August 30, 2018. (ECF 923).
[39] Oliver's revision surgery was on December 20, 2013. (ECF 1222).
[40] Oliver filed his short-form complaint on December 2, 2018. (ECF 1222)

17

Oregon/Washington:

S&N claims that *Gischer v. Smith & Nephew, Inc.*, CCB-19-2365, is entirely time barred under Oregon law. Plaintiff Gischer states that her case arises under Washington, not Oregon law. (McPherson et al. Opp'n at 5). S&N counters that Gischer's claims are time barred under Washington law as well. In Washington, personal injury and breach of warranty claims premised on a theory of products liability are subject to a three-year statute of limitations. Wash. Rev. Code § 7.72.060(3); *Martin v. Patent Scaffolding*, 37 Wash. App. 37, 39–41 (1984). Gischer had her revision surgery before the BHR recall,[41] so her claims accrued on September 10, 2015. She filed her complaint more than three years later.[42] Gischer's claims are thus untimely in Washington as well as in Oregon, which has a shorter limitations period.[43] Accordingly, Gischer's case will be dismissed.

Virginia:

S&N claims that *Shelton v. Smith & Nephew, Inc.*, CCB-18-1968, is entirely time barred under Virginia law. In Virginia, personal injury claims—and breach of warranty claims arising therefrom—are subject to a two-year statute of limitations. Va. Code § 8.01-243(A); *Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 887, 890–91 (E.D. Va. 2010) (applying two-year statute of limitations to the negligence, product liability, and breach of warranty claims within a personal injury action). Plaintiff Shelton had his revision surgery before the BHR recall,[44] so his action accrued

---

[41] Gischer's revision surgery was on June 24, 2014. (ECF 1721).
[42] Gischer filed suit on August 16, 2019. (ECF 1721).
[43] In Oregon, personal injury claims are subject to a two-year statute of limitations. Or. Rev. Stat. § 12.110(1). Products liability civil actions are also subject to a two-year limitations period, *id.* §§ 30.900, 30.905, and "under Oregon law, a product liability civil action embraces all theories a plaintiff can claim in an action based on a product defect including, for example, negligence, strict liability, breach of warranty, and fraudulent misrepresentation." *Nat'l Interstate Ins. v. Beall Corp.*, No. 3:14-CV-01245-JE, 2015 WL 1137440, at *3 (D. Or. Mar. 11, 2015) (quoting *Simonsen v. Ford Motor Co.*, 196 Or. App. 460, 466–67 (2004)) (internal quotation marks and further citation omitted).
[44] Shelton's revision surgery was on May 14, 2013. (ECF 817)

18

on September 10, 2015. As he filed his complaint more than two years later,[45] his case is time barred and will be dismissed.

## CONCLUSION

For the reasons stated above, S&N's motion will be granted in part and denied in part. A separate order follows.

1/24/20
Date

CCB
Catherine C. Blake
United States District Judge

---

[45] Shelton filed suit on June 28, 2018. (ECF 817).