# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MD No. 2775<br><br>Master Docket 17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>This Document Relates to: All Cases |

## MEMORANDUM

Now pending are several related motions filed by plaintiffs' leadership related to Case Management Order ("CMO") No. 2. They will be granted to the extent explained below.

First, the Plaintiffs' Executive Committee ("PEC") has established the "S&N BHR Common Benefit Account" to receive common benefit assessments representing a "holdback" from the gross monetary recovery of the cases that have been settled in this MDL. The PEC has filed a Report of Common Benefit Settlements and Petition for Appointment of a Certified Public Accountant (ECF 2859) which has been reviewed and appears consistent with the requirements of CMO No. 2. David White is an experienced CPA retained by the PEC who appears qualified to serve as the accountant charged with carrying out the responsibilities established in Section IV.B.4 of CMO No. 2. There is no objection to his appointment, which will be approved by a separate Order.

Second, the PEC has filed a Motion for Partial Reimbursement of their Capital Assessment Contributions (ECF 2856). This also appears consistent with CMO No. 2, is supported by affidavits from CPA David White and Liaison Counsel Robert K. Jenner, and there is no objection. It will be granted by a separate Order.

Third, the PEC has filed a Motion to Modify CMO No. 2 to Establish an Increased Holdback for Settling BHR Cases (ECF 2858). Specifically, the PEC requests that the provisional common benefit assessment be increased from 7% (of which 2% was allocated to costs, and 5% to attorneys' fees) to 13.5% (3.5% costs, 10% attorneys' fees).[1] This motion has the unanimous support of plaintiffs' leadership, whose firms represent plaintiffs in more than half of the approximately 620 pending BHR cases, but is opposed by two sets of counsel representing plaintiffs in approximately 25 cases (ECFs 2890, 2892, 2899). Defendant Smith & Nephew also has filed a response taking issue with certain arguments made by plaintiffs' counsel (ECF 2871).

Based on its review of the memoranda and its knowledge of the record in this case, the court is inclined to agree that the few recent settlements in the BHR track may be motivated more by some plaintiffs' desire to recover compensation now than by any significant change in Smith & Nephew's litigation approach in this case. It also may well be true that the circumstances necessitating a very substantial amount of discovery, motions practice, and trial work in the BHR track could have been anticipated from the beginning, given that the BHR has received Pre-Market Approval as a Class III medical device, which supports a wide range of preemption defenses not available in other hip implant litigation where the devices have received only § 501(k) approval. That said, the protection afforded by the PMA process and the vigorous defense mounted by Smith & Nephew's counsel undoubtedly has increased the cost of the litigation and the extent of the work needed to be done by plaintiffs' leadership.

---

[1] The plaintiffs' request does not apply to THA cases or to the four BHR cases that settled before this motion was filed.

The court also has considered the holdback orders in other MDLs cited by counsel in their memoranda. Recognizing that at this point no trial victory or global settlement has yet been achieved, but recognizing also that lengthy litigation may be necessary to achieve an acceptable result, see *In re DePuy Orthopaedics, Inc.*, 888 F.3d 753 (5th Cir. 2018), the court finds that an increase in the holdback amount - somewhat more modest than the plaintiffs' request - is justified at this time.[2] A holdback of 11%, with 3% allocated to costs and 8% allocated to attorneys' fees, will be ordered for BHR cases other than those settled before today's date. A separate Order will be entered.

\_\_9/14/21\_\_  
Date

/S/ *CCB*  
Catherine C. Blake  
United States District Court

---

[2] The court does not rule out an additional increase if shown to be justified by changed circumstances at a later time.